In the United States District Court
District of South Carolina
Spartanburg Division

| | |
|---|---|
| Tamika Ray, | ) |
| | ) |
| Plaintiff, | ) Complaint |
| v. | ) |
| | ) (Jury Trial Demanded) |
| International Paper Company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, through her attorney, would respectfully show unto this Court as follows:

1. Plaintiff is an employee of Defendant at its facility in Spartanburg County, South Carolina at which the events, acts and omissions giving rise to this lawsuit occurred.

2. For several years, Defendant has subjected Plaintiff to a hostile working environment and quid pro quo harassment by supervisor, Johnnie McDowell. Such harassment includes persistent unwanted comments of a sexual nature, spreading malicious sexual statements about Plaintiff to her coworkers, propositioning Plaintiff with money, asking her to expose herself to him, and leering at her. As Defendant is aware, McDowell openly discussed his sexual desire for Plaintiff on the plant floor.

3. When Plaintiff refused to accede to his demands, McDowell retaliated and otherwise used his position to create an environment that would make any reasonable employee apprehensive about complaining further. For example, McDowell would jam the line on which Plaintiff worked to make her job extremely

1

      difficult and stressful to perform. He also cut or had her overtime hours cut, which has significantly reduced her income.

4. Defendant was aware of McDowell's conduct and propensities as evidenced by, among other things, the fact that it retaliated against employees in the past who complained of McDowell's harassment aimed at another female employee.

5. Plaintiff nonetheless complained to Defendant on numerous occasions. Even on the one occasion that Defendant purported to investigate, it took no appropriate action even after learning that Plaintiff's coworkers corroborated her story. Instead, Defendant has allowed the harassment to continue.

6. Defendant failed to reasonably prevent the harassment incurred by Plaintiff and failed to reasonably remedy the harassment of which it was aware.

7. As a result of McDowell's verbal and physical abuse, Plaintiff experienced severe emotional distress, including feelings of anxiety, humiliation and fear.

8. This Court has jurisdiction over the claims raised herein and venue is appropriate in this Court.

9. Defendants' actions have been willful and in reckless disregard of the rights of Plaintiff.

10. Prior to commencing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff commences this action within 90 days of her receipt of a Notice of Right to Sue.

**Count I**
**For A First Cause of Action**
**Title VII of the Civil Rights Act of 1964, As Amended**
**Discrimination On the Basis of Sex – Hostile Work Environment**
***And Quid Pro Quo Harassment***

11. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

12. McDowell's harassment of Plaintiff was because of her sex, was unwelcome and was severe and/or pervasive.

13. McDowell further explicitly and/or implicitly conditioned terms and conditions of employment on Plaintiff's acquiescence to his improper demands.

14. As a result of McDowell's harassment and Defendant's indifference toward the same, Plaintiff has suffered severe emotional distress and interference with her ability to work.

15. By virtue of this continuing harassment, Defendants subjected Plaintiff to unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff seeks a trial by jury on her claim of unlawful discrimination and harassment, and entry of judgment and all other available legal and equitable relief, including actual damages to include lost wages, compensatory damages, punitive damages, attorney fees, costs, pre- and post-judgment interest.

## Count II
## For A Second Cause of Action
## Retaliation – Title VII

16. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if set forth here in full.

17. Plaintiff has been retaliated against because of her opposition of Defendants' practices, which violate Title VII, and participation in formal charges against both.

18. Defendants engaged in conduct materially adverse to a reasonable employee including, but not limited to, reducing Plaintiff's compensation, subjecting her to further harassment, and intentionally making her difficult to perform.

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claim of retaliation in violation of 42 U.S.C. § 2000e et seq. ("Title VII") and that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

Respectfully submitted this 21st day of December, 2015.

s/ Brian P. Murphy
Brian P. Murphy, Bar No. 6405
Jeffrey P. Dunlaevy, Bar No. 16978
Attorneys for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400
Fax:    (864) 240-9292